# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RAWLINGS, | § | |
| _Plaintiff,_ | § | |
| v. | § | CIVIL ACTION No. 4:13-CV-418 |
| | § | |
| HOUSTON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| _Defendant._ | § | |

## MEMORANDUM AND ORDER

This free speech retaliation suit is before the Court on Houston Independent School District's ("HISD" or "District") motion to dismiss. The motion is granted.

### I.

The following allegations are accepted as true for the purposes of this Rule 12(b)(6) motion.

In late July 2009, Plaintiff John Rawlings, an employee of the HISD Police Department, met with staff of the Harris County District Attorney's Office. Rawlings reported that members of the HISD Police Department command staff were using official vehicles for private profit while off duty. A few months later, Rawlings was told that top HISD staff members were aware of his report to the District Attorney.

In November of 2010, a subordinate of Plaintiff Rawlings accused him of making inappropriate remarks in the workplace. An investigation ensued, and HISD found that the plaintiff had violated HISD Police Department Directives related to Obedience, Harmony

and Cooperation and Respect for Others.  On February 17, 2011, Rawlings received a notice that his employment had been recommended for termination.  Plaintiff unsuccessfully appealed his termination.  Rawlings asserts that termination of his employment was an act of retaliation for his exercise of his First Amendment right to report suspected illegal conduct of coworkers.

## II.

Title 42 U.S.C. § 1983 creates a private right of action for violations of constitutional rights –including deprivation of free speech under the First Amendment, through an act of retaliation.  A municipality may be held liable for a First Amendment retaliation claim "when execution of a government's policy or custom, whether made by its lawmakers" or those who execute official policy, "inflicts the injury that the government as an entity is responsible under § 1983".  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  The Court considers the defendant's motion to dismiss in accordance with the *Monell* standard.

When considering a motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. "  *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation and internal quotation omitted).  However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 663.

### III.

Rawlings alleges a violation of his First Amendment speech rights based on retaliation by the defendant.  However, the plaintiff's complaint does not present factual content that provides any reason to believe that his termination is a result of an unconstitutional HISD policy or custom.  The plaintiff's claim merely references isolated actions taken by specific municipal employees.  A school district cannot be held liable under 42 U.S.C. § 1983 for an injury inflicted by its employees or agents based on a theory of vicarious liability or *respondent superior* liability.  *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Doe v. Hillsboro Indep. Sch.Dist.*, 113 F.3d 1412, 1416 (5th Cir. 1997).  Thus the plaintiff's retaliation claim is dismissed without prejudice.

### IV.

For the foregoing reasons, Rawlings's § 1983 claim against the Houston Independent School District is dismissed.  Plaintiff may file an amended complaint within 21 days from the date of this order.  Failure to do so will result in the entry of final judgment.

Signed at Houston, Texas on July 20, 2013.

Stephen Wm Smith
United States Magistrate Judge