UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN RAWLINGS, § | |
|     *Plaintiff*, § | |
| v. § | CIVIL ACTION NO. 4:13-CV-418 |
| § | |
| HOUSTON INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
|     *Defendant.* § | |

## MEMORANDUM AND ORDER

This free speech retaliation suit is before the court on defendant Houston Independent School District's ("HISD" or "District") motion to dismiss (Dkt. 15). Oral argument on the motion was heard on November 22, 2013. Defendant's motion is granted.

### I.

The following allegations from Rawlings' second amended complaint (Dkt. 14) are accepted as true for the purposes of this Rule 12(b)(6) motion.

In late July 2009, plaintiff John Rawlings, an employee of the HISD Police Department, met with staff of the Harris County District Attorney's Office. Rawlings reported that members of the HISD Police Department command staff were using official vehicles for private profit while off duty. A few months later, Rawlings was told that top HISD staff members were aware of his report to the District Attorney.

In November of 2010, a subordinate of Rawlings accused him of making inappropriate remarks in the workplace. An investigation ensued, and HISD found that the plaintiff had violated an HISD Police Department Directive concerning workplace conduct. On February 17, 2011, Rawlings received a notice that his employment had

been recommended for termination. Rawlings filed an appeal of his proposed termination the next day. A Level One appeal hearing resulted in HISD Assistant Chief Victor Mitchell upholding the proposed termination. A Level Two appeal was scheduled, but Rawlings requested a postponement due to illness. The Level Two hearing ultimately never took place, and Rawlings' grievance was dismissed.

Rawlings asserts that termination of his employment was an act of retaliation for his exercise of his First Amendment right to report suspected illegal conduct of coworkers. Further, Rawlings claims that HISD's dismissal of his grievance denied him a hearing to clear his name, in violation of his Fourteenth Amendment right to a liberty hearing.

## II.

Title 42 U.S.C. § 1983 creates a private right of action for violations of constitutional rights – including deprivation of free speech under the First Amendment and liberty under the Fourteenth Amendment–through an act of retaliation. A municipality may be held liable for a retaliation claim "when execution of a government's policy or custom, whether made by its lawmakers" or those who execute official policy, "inflicts the injury that the government as an entity is responsible for under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The court considers the defendant's motion to dismiss in accordance with the *Monell* standard.

When considering a motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (citation and

internal quotation omitted).  However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 663.

### III.

Rawlings first alleges a violation of his First Amendment speech rights based on HISD's retaliation against him.  However, Rawlings' complaint does not present factual content providing any reason to believe that an unconstitutional HISD policy or custom caused his termination.  Rawlings merely references isolated actions taken by specific municipal employees.  A school district cannot be held liable under 42 U.S.C. § 1983 for an injury inflicted by its employees or agents based on a theory of vicarious liability or *respondent superior* liability.  *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Doe v. Hillsboro Indep. Sch. Dist.*, 113 F.3d 1412, 1416 (5th Cir. 1997).  Thus, Rawlings' First Amendment retaliation claim is dismissed with prejudice.

Rawlings alternatively alleges a due process violation of his Fourteenth Amendment liberty interest based on HISD's denial of an opportunity to clear his name. To establish a liberty interest sufficient to implicate the Fourteenth Amendment's due process safeguards, a public employee must show that 1) "the governmental employer's charges against her rise to such a level that they create a 'badge of infamy' which

destroys the claimant's ability to take advantage of other employment opportunities," 2) the claims are false, and 3) damage to her reputation and employment opportunities has actually occurred. *Evans v. City of Dallas*, 861 F.2d 846, 851 (5th Cir. 1988). "Due process concerns are not triggered by the discharge, without more, of an employee for unsatisfactory performance." *Id*.

Here, Rawlings has not indicated that HISD's termination of his employment without a second level grievance hearing inflicted any actual damage to his reputation or employment opportunities. At the hearing, counsel for plaintiff candidly admitted he had no evidence that HISD had publicly disclosed the reasons for his discharge. Rather, Rawlings merely speculates about potential future harms arising from his own disclosure about the facts of his discharge. (Dkt. 16). The Fifth Circuit has held that the government employer cannot be liable when it has kept the charges confidential and only the plaintiff has caused them to be public. *See Hughes v. City of Garland*, 204 F.3d 223, 228 (5th Cir. 2000) (rejecting the compelled self-publication theory in the Section 1983 context as inconsistent with prior circuit precedent).[1] Therefore, Rawlings' Fourteenth Amendment claim is also dismissed with prejudice.

## IV.

For these reasons, defendant's motion to dismiss is GRANTED. Rawlings' Section 1983 claims are dismissed with prejudice. A separate final judgment accompanies this order.

---

[1] In light of this ruling, there is no need to consider the other grounds for dismissal raised in HISD's motion, and the court expressly declines to do so.

Signed at Houston, Texas on November 26, 2013.

*Stephen Wm Smith*
Stephen Wm Smith
United States Magistrate Judge